UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

IN RE PROQUEST COMPANY
SECURITIES LITIGATION

Master File No. 2:06-cv-10619

Hon. Avern Cohn

This Document Relates To:

ALL ACTIONS

F I L E D
MAR 3 0 2009
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**FINAL ORDER AND JUDGMENT**

WHEREAS, a consolidated class action is pending in this Court against Defendants,

captioned *In re ProQuest Company Securities Litigation*, Master File No. 2:06-cv-10619 (the

"Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Order

Preliminarily Approving Settlement dated November 20, 2008 (the "Preliminary Approval

Order"), on the application of the parties for approval of the Settlement set forth in the

Stipulation and Agreement of Settlement dated November 6, 2008 (the "Stipulation") entered

into by Lead Plaintiffs B.V. Brooks, John L. Marocchi and Sales Marketing Group, MPP ("Lead

Plaintiffs"), on behalf of themselves and the Class (as defined herein), and defendants ProQuest

Company ("ProQuest") (n/k/a Voyager Learning Company), Alan W. Aldworth, Kevin G.

Gregory, James P. Roemer and Scott Hirth (collectively the "Defendants" and, together with

Lead Plaintiffs, the "Parties"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which was

preliminarily certified by the Court for settlement purposes, as required in the Preliminary

Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Final Order and Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Class.

3.      The settlement consideration paid on behalf of Defendants in the amount of $20,000,000 is fair, reasonable and adequate under the circumstances of this case.

4.      The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing ("Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons and entities in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of FED. R. CIV. P. 23, and it is further determined that all members of the Class are bound by the Judgment herein.

5.      Each of the provisions of FED. R. CIV. P. 23 has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3).  Specifically, this Court finds, for purposes of settlement only, that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the

claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.     The Action is hereby certified as a class action for purposes of settlement only pursuant to FED. R. CIV. P. 23(a) and 23(b)(3), on behalf of a class composed of all persons who purchased the publicly traded securities of ProQuest from February 20, 2001 through December 14, 2006 (the "Class"). Excluded from the Class are Defendants, the officers and directors of ProQuest, at all relevant times during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the Persons who timely and validly requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

7.     The Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

8.     The Action and all claims included therein, as well as all of the Released Claims (defined in the Stipulation and in Paragraph 9(b) below) are dismissed with prejudice as to the Lead Plaintiffs and the other members of the Class, and as against each and all of the Released Parties (defined in the Stipulation and in Paragraph 9(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

- 3 -

9. As used in this Judgment, the terms "Released Parties," "Released Claims," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means the Defendants and the current and former officers, directors, partners, members, parents, subsidiaries, controlling persons, affiliates, employees, agents, attorneys, auditors, underwriters, insurers, representatives, heirs, predecessors, successors in interest and assigns of any Defendant.

(b) "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by Lead Plaintiffs and/or the members of the Class or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by Lead Plaintiffs and/or the members of the Class or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the First Consolidated Amended Class Action Complaint and relate to the purchase of the publicly traded securities of ProQuest during the Class Period.

(c) "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of

- 4 -

them or the successors and assigns of any of them against the Lead Plaintiffs, any Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(d)     "Unknown Claims" means any and all Released Claims that Lead Plaintiffs and/or Class Members do not know or suspect to exist in his, her or its favor as of the Effective Date and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his or its favor as of the Effective Date, which if known by him or it might have affected his or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Final Order and Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

10.     Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Class on behalf of themselves and each of their heirs, executors, administrators, successors and

assigns, and any Persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

11. Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and their successors and assigns, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

12. The Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any other person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other person, has or has not suffered any damage.

13. The Plan of Allocation as set forth at the beginning of page 5 in the Notice, attached hereto as Exhibit 2, is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation. Also, any funds remaining in the Net Settlement Fund after allocation are to be disposed of as described in paragraph 22 and amended paragraph 23 of the Stipulation. A copy of paragraph 22 and amended paragraph 23 are attached as Exhibit 3.

14.     The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15.     Only those Class Members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

16.     No Authorized Claimant shall have any claim against Co-Lead Counsel, the Claims Administrator, or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

17.     Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application for attorneys' fees and expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

18.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund plus accrued interest, which sum the Court finds to be fair and reasonable. Co-Lead Counsel are hereby awarded a total of $255,450.31 in reimbursement of expenses. The

foregoing awards of fees and expenses shall be paid to Co-Lead Counsel from the Settlement

Fund, and such payment shall be made at the time and in the manner provided in the Stipulation,

with interest from the date the Settlement Fund was funded to the date of payment at the same

net rate that interest is earned by the Settlement Fund. The award of attorneys' fees and

expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-

Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the

prosecution of the Action.

19.     In making this award of attorneys' fees and reimbursement of expenses to be paid

from the Settlement Fund, the Court has considered and found that:

> (a)     the Settlement has created a fund of $20,000,000 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement;

> (b)     Over 54,200 copies of the Notice were disseminated to putative Class Members indicating that Co-Lead Counsel were moving for attorneys' fees not to exceed 30% of the Settlement Fund and reimbursement of expenses from the Settlement Fund in a total amount not to exceed $285,000, and not one objection was filed against the terms of the proposed Settlement or the ceiling on the fees and expenses contained in the Notice;

> (c)     Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

> (d)     The Action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

> (e)     Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing at all from the Defendants;

> (f)     Plaintiffs' Counsel have devoted over 8,795 hours, with a lodestar value of $3,962,679.00, to achieve the Settlement; and

- 8 -

(g)    The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

20.    Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Released Parties for the purposes of:    (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Co-Lead Counsel for an award of attorneys' fees and expenses if such determination is not made at the final hearing; and (3) supervising the distribution of the Settlement Fund.

21.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22.    Pursuant to the PSLRA, 15 U.S.C.  § 78u-4(f)(7)(A) all claims, actions, allegations, causes of action, demands or rights, however denominated, seeking contribution as that term is defined for purposes of the PSLRA, or seeking indemnification for claims arising under the federal securities laws or for state law claims arising out of the transactions underlying the claims asserted in this Action, brought by any person against the settling Defendants or by any settling Defendant against any person, other than a person whose liability has been extinguished by this Settlement, are hereby discharged.

- 9 -

23.     There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED, this 30th day of *March*, 2009:

_____
**AVERN COHN**
**UNITED STATES DISTRICT JUDGE**

# Exhibit
# 1

EXCDTA                              **EXCDTA**                          Page   1    of     1
EXCDTA003                       PROQUEST LITIGATION                     09-Mar-09   11:49 AM

| IdNo Description | Name/Address | Postmark Date |
|---|---|---|
| 1015685 WHITNEY BENEFIT | WHITNEY BENEFITS INC<br>MKT: KEELEY ASSET MGMT | 01/29/09 |

**Associated Claims**

1016104   WHITNEY BENEFITS INC SMALL CAP ACCOUNT

| Security Cd | Section Cd | Trade Dt | Qty | Price | Net Amt |
|---|---|---|---|---|---|
| CS | P | 7/29/2002 | 3,000.00 | | |
| CS | P | 1/23/2003 | 1,075.00 | | |
| CS | P | 3/8/2002 | 200.00 | | |
| CS | P | 1/27/2003 | 1,000.00 | | |
| CS | P | 1/28/2003 | 1,975.00 | | |
| CS | P | 1/22/2003 | 2,800.00 | | |
| CS | S | 5/2/2002 | 5,400.00 | | |
| CS | S | 10/7/2003 | 4,950.00 | | |
| CS | S | 6/17/2003 | 2,700.00 | | |
| CS | S | 6/9/2003 | 2,200.00 | | |
| Total B: 0.00 | | Total P: 10,050.00 | Total S: 15,250.00 | Total U: 0.00 | |

**Total B: 0.00**          **Total P: 10,050.00**          **Total S: 15,250.00**          **Total U: 0.00**

**Total Claims: 1**

# Exhibit
# 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE PROQUEST COMPANY SECURITIES LITIGATION | Master File No. 2:06-cv-10619<br><br>Hon. Avern Cohn |
| This Document Relates To:<br><br>    ALL ACTIONS | |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SETTLEMENT FAIRNESS HEARING**

*IF YOU PURCHASED THE PUBLICLY TRADED SECURITIES OF PROQUEST COMPANY (N/K/A VOYAGER LEARNING COMPANY) FROM FEBRUARY 20, 2001 THROUGH DECEMBER 14, 2006 (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

<u>*A federal court authorized this Notice. This is not a solicitation from a lawyer.*</u>

**Securities and Time Period:** The publicly traded securities of ProQuest Company ("ProQuest") purchased from February 20, 2001 through December 14, 2006 (the "Class Period").

**Settlement Amount:** $20,000,000 in cash. The Class will also receive interest on the Settlement Amount (the "Settlement Fund"). Your recovery from the Settlement Fund will depend on the amount of ProQuest publicly traded securities purchased from February 20, 2001 through December 14, 2006, and the timing of your purchases and any sales. Depending on the number of claims filed and when Class Members purchased and sold their ProQuest publicly traded securities, the estimated average recovery per share of ProQuest common stock will be approximately $0.48. **Please Note: This average is only an estimate, and is before deduction of court-approved fees and expenses.**

**The Lawsuit:** The Settlement resolves class action litigation over whether ProQuest (n/k/a Voyager Learning Company), Alan W. Aldworth, Kevin G. Gregory, James P. Roemer and Scott Hirth (collectively, the "Defendants") issued material misrepresentations and omissions regarding ProQuest's financial condition to investors. *See* Question 2 below for more information.

**Attorneys' Fees and Expenses:** Co-Lead Counsel have litigated this Action on a contingent basis and have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Court-appointed Co-Lead Counsel will apply to the court for attorneys' fees not to exceed 30% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $285,000, plus interest on both amounts, all to be paid from the Settlement Fund. The costs for notice and administration of the Settlement are in addition to this amount. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.15. **Please note that this amount is only an estimate.**

**Deadlines:**

| | |
|---|---|
| Submit Claim: | April 4, 2009 |
| Request Exclusion: | February 20, 2009 |
| File Objection: | February 20, 2009 |

**Court Hearing on Fairness of Settlement:**          March 12, 2009

**More Information:**

Claims Administrator:                    Co-Lead Counsel:

| ProQuest Securities Litigation Settlement<br>c/o The Garden City Group, Inc.<br>P.O. Box 9000 #6504<br>Merrick, NY 11566-9000<br>(800) 894-2139 | Michael K. Yarnoff, Esq.<br>Karen E. Reilly, Esq.<br>Jennifer L. Enck, Esq.<br>Barroway Topaz Kessler Meltzer &<br>Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706 | Frederic S. Fox, Esq.<br>Joel B. Strauss, Esq.<br>Jeffrey P. Campisi, Esq.<br>Kaplan Fox & Kilsheimer LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980 |

- Your legal rights are affected whether you act or do not act. Please read this Notice carefully.

***QUESTIONS? CALL 1-800-894-2139 OR VISIT: WWW.GARDENCITYGROUP.COM***

**Statement of Recovery**

Lead Plaintiffs estimate that approximately 42 million shares of ProQuest common stock were purchased and **potentially damaged** during the Class Period.  Lead Plaintiffs estimate that if all Class Members make a claim against the Settlement Fund, the average payment to Class Members will be $0.48 per share of ProQuest common stock before the deduction of attorneys' fees, costs, and expenses, as approved by the Court.  A Class Member's actual recovery will depend on: (1) the number of claims filed; (2) when Class Members purchased their ProQuest publicly traded securities during the Class Period; (3) whether Class Members either sold their ProQuest publicly traded securities during the Class Period, or held their ProQuest publicly traded securities past the end of the Class Period; (4) administrative costs, including the costs of notice, for the Action; and (5) the amount awarded by the Court for attorneys' fees, costs, and expenses. Distributions to Class Members will be made based on the Plan of Allocation set forth in this Notice.  *See* the Plan of Allocation on pages 5, 6 and 7.

**The Circumstances of the Settlement**

The principal reason for Lead Plaintiffs' consent to the Settlement is to provide a benefit to the Class.  This benefit must be compared to the risk that no recovery might be achieved after contested motions, a contested trial and likely appeals, possibly years into the future.  While Co-Lead Counsel were prepared to go to trial and were confident in their ability to present a case, they also recognize that a trial is a risky proposition and that Lead Plaintiffs and the Class might not have prevailed on all their claims.  The claims advanced by the Class involve numerous complex legal and factual issues, as well as complicated accounting practices, which would require extensive expert testimony and would add considerably to the expenses and duration of the litigation.  Further, after reviewing the Company's financial resources, Lead Plaintiffs were cognizant that even if they prevailed at trial, they may not be able to collect on a judgment for greater than, if even an amount equal to, the proposed Settlement.  Lead Plaintiffs also faced the risk that the Class would not be certified.

The Parties disagree about: (1) the method for determining whether the publicly traded securities of ProQuest traded at artificially inflated prices during the relevant period; (2) the amount of any such inflation; (3) the extent that various facts alleged by Lead Plaintiffs influenced the trading price of ProQuest publicly traded securities during the relevant period; (4) whether the Defendants acted with scienter and are liable under the federal securities laws; and (5) the length of the Class Period.   Even after an extensive investigation, questions remain regarding the extent of Defendants' liability, the extent a jury might find them liable, if at all, and the true measure of the Class' damages.  This Settlement therefore enables the Class to recover without incurring any additional risk or costs.   As a result, Lead Plaintiffs believe this Settlement is a fair, reasonable, and adequate recovery for the Class.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment from the Settlement Fund. |
| **EXCLUDE YOURSELF** | Receive no payment from the Settlement Fund.  This is the only option that allows you to participate in another lawsuit against the Defendants or the Released Parties (as defined below) concerning the Released Claims. |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees and expenses. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment from the Settlement Fund and give up your rights with regard to the claims in this lawsuit. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.  Please note the date of the Settlement Fairness Hearing – currently scheduled for March 12, 2009 – is subject to change without further notice.  If you plan to attend the hearing, you should check the website, www.gardencitygroup.com, or with Co-Lead Counsel as set forth above to be sure that no change to the date and time of the hearing has been made.

- The Court in charge of this Action still has to decide whether to approve the Settlement.  Payments will be made to Class members if the Court approves the Settlement and that approval being upheld in appeals that are filed, if any.  Please be patient.

2

## TABLE OF CONTENTS

PAGE
1.  Why Did I Receive This Notice package? ....................................................................................... 3
2.  What Is This Lawsuit About? ......................................................................................................... 3
3.  Why Is This Action a Class Action? ............................................................................................... 4
4.  Why Is there a Settlement? ........................................................................................................... 4
5.  How Do I Know if I Am Part of the Settlement? ............................................................................. 4
6.  What Are the Exceptions to Being Included? ................................................................................. 4
7.  I Am Still Not Sure if I Am Included? ............................................................................................. 5
8.  What Does the Settlement Provide? .............................................................................................. 5
9.  How Much Will My Payment Be? ................................................................................................... 5
10. How Will I Receive a Payment? ..................................................................................................... 7
11. When Will I Receive my Payment? ................................................................................................ 8
12. What Am I Giving Up By Staying in the Class? ............................................................................. 8
13. How Do I Exclude Myself from the Settlement? ............................................................................ 8
14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later? ........................ 8
15. If I Exclude Myself, Can I Receive a Payment from This Settlement? ........................................... 8
16. Do I Have a Lawyer in This Case? ................................................................................................ 9
17. How Will the Lawyers Be Paid? .................................................................................................... 9
18. How Do I Tell the Court that I Do Not Like the Settlement? .......................................................... 9
19. What is the Difference Between Objecting and Excluding? ........................................................... 10
20. When and Where Will the Court Decide Whether to Approve the Settlement? .............................. 10
21. Do I Have to Come to the Settlement Fairness Hearing? ............................................................. 10
22. May I Speak at the Settlement Fairness Hearing? ........................................................................ 10
23. What Happens if I Do Nothing at All? ........................................................................................... 10
24. Are There More Details About the Settlement? ............................................................................ 10
Special Notice to Securities Brokers and Other Nominees .................................................................. 10

## BASIC INFORMATION

**1.     Why Did I Receive This Notice Package?**

You or someone in your family may have purchased the publicly traded securities of ProQuest from February 20, 2001 through December 14, 2006.

If this description applies to you, you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.     What Is This Lawsuit About?**

On or after February 10, 2006, four securities class actions were filed in the United States District Court for the Eastern District of Michigan against ProQuest and certain of the Company's present and former officers and executives. These actions were consolidated by Order dated May 2, 2006.  By the same Order, the Court appointed B.V. Brooks, John L. Marocchi and Sales Marketing Group, MPP as Lead Plaintiffs and appointed their choice of counsel, Kaplan Fox & Kilsheimer LLP and Schiffrin Barroway Topaz & Kessler, LLP[1], as co-lead counsel ("Co-Lead Counsel") for the Class.

On July 17, 2006, Lead Plaintiffs filed the Consolidated Class Action Complaint (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC"), against certain of the Defendants.  Defendants moved to dismiss the Complaint on October 16, 2006.

---

1 Effective as of November 17, 2008, Schiffrin Barroway Topaz & Kessler, LLP changed its name to Barroway Topaz Kessler Meltzer & Check, LLP.

Shortly thereafter, the Court, by Order dated October 19, 2006, stayed the proceedings in this Action pending the issuance of ProQuest's restated financial statements. Following a December 15, 2006 press release by ProQuest announcing, among other things, preliminary estimates of its restatement, Lead Plaintiffs filed the First Consolidated Amended Class Action Complaint on January 24, 2007 (the "Amended Complaint").

The Amended Complaint alleged, as did the Complaint, that Defendants issued material misrepresentations and omissions regarding ProQuest's financial condition. Specifically, the Amended Complaint alleged that Defendants issued materially overstated earnings figures during the Class Period due to a variety of improper and fraudulent accounting machinations which resulted in the material overstatement of revenues and the material understatement of expenses. In addition, the Amended Complaint alleged that Defendants falsely represented that the Company maintained adequate internal accounting controls. Lead Plaintiffs further alleged that, as a result of the foregoing conduct, the price of ProQuest's publicly traded securities was artificially inflated during the Class Period.

Defendants moved to dismiss the Amended Complaint on March 15, 2007. Following briefing by both sides, the Court heard oral argument on Defendants' motions to dismiss on September 26, 2007. On November 6, 2007, the Court denied Defendants' motions to dismiss. Thereafter, the Parties embarked on formal discovery, and on December 6, 2007, Defendants filed answers to the Amended Complaint.

On January 14, 2008, Lead Plaintiffs filed a motion to certify the Class, which the Parties fully briefed. While Lead Plaintiffs' motion for class certification was pending and the Parties were engaged in discovery, the Parties began discussing a possible resolution of the Action. These negotiations, which included a formal mediation with a retired federal judge, resulted in a tentative agreement to settle the Action. The Parties negotiated and executed a Memorandum of Understanding outlining the general terms of their proposed settlement on July 22, 2008 (the "MOU").

### 3. Why Is This Action a Class Action?

In a class action, one or more people called class representatives (in this case the court-appointed Lead Plaintiffs, B.V. Brooks, John L. Marocchi and Sales Marketing Group, MPP) sue on behalf of individuals and entities who have similar claims. All of these individuals and entities who have similar claims are referred to collectively as a Class, or individually as Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement. The United States District Court for the Eastern District of Michigan, the Honorable Avern Cohn, is in charge of this Action.

### 4. Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, in order to avoid the cost and risks of further litigation and trial, both sides agreed to a settlement. As explained above, after assessing the Company's financial resources and the risks of continued litigation, including the possibility that the Class might not be certified, Lead Plaintiffs and their attorneys believe the Settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

### 5. How Do I Know if I Am Part of the Settlement?

The Class includes: all those who purchased the publicly traded securities of ProQuest from February 20, 2001 through December 14, 2006, *except those persons and entities that are excluded, as described below.*

### 6. What Are the Exceptions to Being Included?

Excluded from the Class are: Defendants, the officers and directors of ProQuest, at all relevant times during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth herein.

If you sold the publicly traded securities of ProQuest from February 20, 2001 through December 14, 2006, that alone does not make you a Class Member. You are a Class Member only if you purchased the publicly traded securities of ProQuest during the Class Period.

If one of your mutual funds purchased or owns the publicly traded securities of ProQuest, that alone does not make you a Class Member.

**7.    I Am Still Not Sure If I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator, The Garden City Group, Inc., at 1-800-894-2139, for more information. Or you can fill out and return the claim form described in Question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE**

**8.    What Does the Settlement Provide?**

Defendants have agreed to create a $20,000,000 cash Settlement Fund. The balance of this fund, after payment of court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund"), will be divided among all Class Members who submit timely and valid claim forms.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

**9.    How Much Will My Payment Be?**

The proposed Plan of Allocation provides for distribution of the Net Settlement Fund to Authorized Claimants as follows:

Each person or entity claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim and Release form ("Proof of Claim") signed under penalty of perjury and supported by such documents as specified in the Proof of Claim as are reasonably available to the Authorized Claimant. If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members submit, the amount of ProQuest publicly traded securities you purchased during the Class Period, and when you bought and sold your ProQuest publicly traded securities. By following the Plan of Allocation described herein, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Proofs of Claim has passed.

All Proofs of Claim must be postmarked or received by April 4, 2009, addressed as follows:

***ProQuest Securities Litigation Settlement***
**c/o The Garden City Group, Inc.**
**P.O. Box 9000 #6504**
**Merrick, NY 11566-9000**

Unless otherwise ordered by the Court, any Class Member who fails to submit a properly completed and signed Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation, but will in all other respects be subject to the provisions of the Stipulation and the final judgment entered by the Court.

The Net Settlement Fund will be distributed to Authorized Claimants pursuant to the terms of the Plan of Allocation described below. An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member has a net loss, after all profits from transactions in ProQuest publicly traded securities during the Class Period are subtracted from all losses. However, the proceeds from sales of securities which have been matched against securities held at the beginning of the Class Period will not be used in the calculation of such net loss.

The date of purchase or sale is the "contract" or "trade" date and not the "settlement" date. All profits will be subtracted from all losses to determine the net Recognized Claim of each Class Member. For Class Members who held the publicly traded securities of ProQuest at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a Recognized Claim. Under the FIFO method, sales during the Class Period will be matched, in chronological order, first against your holdings at the beginning of the Class Period and thereafter, in chronological order, against subsequent purchases during the Class Period.

5

I.    **THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM**

An Authorized Claimant's total "Recognized Claim" shall constitute the sum of such claimant's "Recognized Claims" for each of the classes of ProQuest securities set forth below:

a.    **ProQuest Common Stock**

(i)    For each share of ProQuest common stock purchased during the Class Period that an Authorized Claimant sold prior to February 9, 2006, the Authorized Claimant shall have no "Recognized Claim."

(ii)    For each share of ProQuest common stock purchased during the Class Period, which an Authorized Claimant sold prior to the close of trading on December 14, 2006, the Recognized Claim per share shall be equal to the lesser of (a) the difference between (x) purchase price paid per share (excluding commissions) and (y) the proceeds received on sale per share (excluding commissions) or (b) the estimated economic loss per share, as calculated in Figure 1, below.

(iii)    For each share of ProQuest common stock purchased during the Class Period, which an Authorized Claimant did not sell prior to the close of trading on December 14, 2006, the Recognized Claim per share shall be equal to the lesser of (a) the difference between (x) purchase price paid per share (excluding commissions) and (y) the proceeds from a sale assumed to occur at $10.59[2] per share or (b) the estimated economic loss per share, as calculated in Figure 1, below.

**Figure 1: Economic Loss Per Share**

| Purchase Date | Sale Date | | | | | | |
|---|---|---|---|---|---|---|---|
| | 2/20/01 – 2/8/06 | 2/9/06 | 2/10/06 – 4/27/06 | 4/28/06 | 5/1/06 – 12/14/06 | 12/15/06 | 12/18/06 and After* |
| 2/20/01 – 2/8/06 | $ - | $ 5.18 | $ 6.04 | $ 9.05 | $ 10.72 | $ 12.55 | $ 12.79 |
| 2/9/06 | - | - | 0.86 | 3.86 | 5.54 | 7.37 | 7.61 |
| 2/10/06 – 4/27/06 | - | - | - | 3.01 | 4.68 | 6.51 | 6.75 |
| 4/28/06 | - | - | - | - | 1.68 | 3.51 | 3.74 |
| 5/1/06 – 12/14/06 | - | - | - | - | - | 1.83 | 2.07 |

* Also applies to shares purchased during the Class Period and never sold.

b.    **ProQuest Call Options**

(i)    The Recognized Claim for each call option contract on ProQuest common stock purchased during the Class Period shall be twenty-five percent (25%) of the lesser of (x) the difference between (a) the amount paid per call option contract and (b) the sale price received per option contract received when said call options were subsequently sold (if the option expired worthless while still owned by the Authorized Claimant, the sales price shall be deemed to be zero ($0.00)) or (y) the estimated economic loss per share for all shares covered by the call option contract, as calculated in Figure 1, above.

---

[2]    Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  $10.59 was the mean closing price of ProQuest common stock during the 90-day period beginning on December 15, 2006 and ending on March 15, 2007.

6

(ii)     Shares of ProQuest common stock acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call options, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of ProQuest common stock as set forth above.

**c.     ProQuest Put Options**

(i)     The Recognized Claim for each put option contract on ProQuest common stock sold or written during the Class Period shall be twenty-five percent (25%) of the lesser of (x) the difference between (a) the amount received per put option contract and (b) the purchase price paid per put option contract when said put options were subsequently repurchased at any time (including after the Class Period) or (y) the estimated economic loss per share for all shares covered by the put option contract, as calculated in Figure 1, above. For put options sold or written during the Class Period that expired worthless and unexercised, the Authorized Claimant's Recognized Claim shall be zero ($0.00).

(ii)     For ProQuest put options that were sold or written during the Class Period that were "put" to the Authorized Claimant (i.e. exercised) at any time, the Authorized Claimant's Recognized Claim shall be calculated as a purchase of ProQuest common stock, and as if the sale of the put option were instead a purchase of ProQuest common stock on the date of the sale or writing of the put option, and the "purchase price paid" shall be the strike price of the put option less the proceeds received from the sale or the put option.

The total recovery payable to Authorized Claimants from transactions in call and put options shall not exceed 3% of the Distribution Amount.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court, an objection filed by a Class Member, without further notice to the Class.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is $10.00 or less in cash.

Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds. Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of that claimant's claim. No discovery shall be allowed on the merits of the Action.

Payments will be final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Final Order and Judgment to be entered in the Action and will be barred from bringing any Released Claim against any Released Parties, including Unknown Claims (as those terms are defined in the Proof of Claim enclosed with this Notice and in the Stipulation and Agreement of Settlement (the "Stipulation"), which is available on the Internet at www.gardencitygroup.com, or through the mail upon request).

### HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM

**10.     How Will I Receive a Payment?**

To qualify for payment, you must be an eligible Class Member and you must submit a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form requests, sign it, and mail it in an envelope postmarked no later than April 4, 2009. Retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

**11.     When Will I Receive My Payment?**

The Court will hold a hearing on March 12, 2009, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals, if any, can be resolved, and resolving them can take time, perhaps several years. In addition, the Claims Administrator must process all of the Proofs of Claim. The processing is complicated and will take many months. Please be patient.

**12.     What Am I Giving Up By Staying in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Parties about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Defendants. The terms of the release are included in the Proof of Claim that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. This is referred to as opting out of the Class.

**13.     How Do I Exclude Myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in *In re ProQuest Company Securities Litigation*, Master File No. 2:06-cv-10619. You must include your name, address, telephone number, your signature, and information concerning your purchase(s) and sale(s) of ProQuest publicly traded securities during the Class Period, including the amount and type of ProQuest publicly traded securities and the dates of each purchase and sale of ProQuest publicly traded securities. You must mail your exclusion request so that it is received no later than February 20, 2009 to:

> **ProQuest Securities Litigation Settlement**
> **c/o The Garden City Group, Inc.**
> **Exclusions**
> **P.O. Box 9000 #6504**
> **Merrick, NY 11566-9000**

*Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail. If you ask to be excluded from the Settlement, you are not eligible to receive any payment from the Net Settlement Fund, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in this Settlement.

Defendants shall have the option to withdraw from the Settlement in the event that members of the Class who would otherwise be entitled to participate in the Class, but who timely and validly request exclusion, have total recognized losses as calculated under the Plan of Allocation which equals or exceeds a certain dollar amount.

**14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims being released by this Settlement. If you have a pending lawsuit relating to the claims being released in this Action against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is February 20, 2009.

**15.     If I Exclude Myself, Can I Receive a Payment from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against the Defendants or the Released Parties.

## THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The Court appointed the law firms of Barroway Topaz Kessler Meltzer & Check, LLP (formerly Schiffrin Barroway Topaz & Kessler, LLP) and Kaplan Fox & Kilsheimer LLP to represent you and the other Class Members. These lawyers are called Co-Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will the Lawyers Be Paid?

Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Fund and for reimbursement of their out-of-pocket expenses advanced in connection with the Action up to an amount of $285,000, plus interest on both amounts at the same rate as earned by the Settlement Fund. *Such sums as may be approved by the Court will be paid from the Settlement Fund.* Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Co-Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Co-Lead Counsel have not been paid for their services for conducting this Action on behalf of Lead Plaintiffs and the Class or for their substantial out-of-pocket expenses. The fee requested will compensate Co-Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may, however, award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, you can object to the Settlement if you do not like any part of it. To object, you must send a letter saying that you object to the Settlement in *In re ProQuest Company Securities Litigation,* Master File No. 2:06-cv-10619 and the reasons why you object to the Settlement. Be sure to include your name, address, telephone number and your signature. You must also include information concerning your purchase(s) and sale(s) of ProQuest publicly traded securities during the Class Period, including the amount and type of ProQuest publicly traded securities and the dates of each purchase and sale of ProQuest publicly traded securities. Any objection to the Settlement must be received by *each of the following* by February 20, 2009:

| COURT | CO-LEAD COUNSEL | |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Michigan<br>Theodore Levin U.S. Courthouse<br>231 W. Lafayette Blvd.<br>Detroit, MI 48226 | Michael K. Yarnoff, Esq.<br>Karen E. Reilly, Esq.<br>Jennifer L. Enck, Esq.<br>BARROWAY TOPAZ KESSLER<br>MELTZER & CHECK, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Frederic S. Fox, Esq.<br>Joel B. Strauss, Esq.<br>Jeffrey P. Campisi, Esq.<br>KAPLAN FOX &<br>KILSHEIMER LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022 |
| DEFENDANTS' COUNSEL | | |
| Laurie B. Smilan, Esq.<br>Michele E. Rose, Esq.<br>LATHAM & WATKINS LLP<br>11955 Freedom Drive, Suite 500<br>Reston, VA 20190-1000 | David H. Kistenbroker, Esq.<br>Joni S. Jacobsen, Esq.<br>KATTEN MUCHIN<br>ROSENMAN LLP<br>525 West Monroe Street<br>Chicago, IL 60661-3693 | David Dumouchel, Esq.<br>Sheldon Klein, Esq.<br>George Donnini, Esq.<br>BUTZEL LONG, P.C.<br>150 W. Jefferson Ave.<br>Detroit, MI 48226 |

**19.     What is the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses. You can object *only if* you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

**20.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 10:00 a.m., on March 12, 2009, at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, Courtroom 225. At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have requested in writing by February 20, 2009 to speak at the hearing.  The Court may also consider Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses.

**21.     Do I Have to Come to the Settlement Fairness Hearing?**

No.  Co-Lead Counsel will answer any questions Judge Cohn may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.

**22.     May I Speak at the Settlement Fairness Hearing?**

You may ask the Court for permission to speak at the Settlement Fairness Hearing.  To do so, you must send a letter stating your intention to appear in *In re ProQuest Company Securities Litigation*, Master File No. 2:06-cv-10619.  Be sure to include your name, address, telephone number, your signature, and also identify the date(s), price(s) and amount(s) of all purchases of ProQuest publicly traded securities you made during the Class Period.  Your notice of intention to appear must be received no later than February 20, 2009, and be sent to the Clerk of the Court, Co-Lead Counsel, and Defendants' Counsel, at the addresses listed above in Question 18.  You cannot speak at the hearing if you exclude yourself from the Settlement.

### IF YOU DO NOTHING

**23.     What Happens if I Do Nothing at All?**

If you do nothing, you will receive no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the same claims being released in this Settlement.

### OBTAINING MORE INFORMATION

**24     Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation and Agreement of Settlement dated November 6, 2008 (the "Stipulation").  All terms used in this Notice shall have the same meanings as in the Stipulation.  You can obtain a copy of the Stipulation or more information about the Settlement by visiting www.gardencitygroup.com or by writing to one of Co-Lead Counsel listed above in Question 18.  You can also obtain a copy of the Stipulation from the Clerk's office at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, during regular business hours.

### DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

### SPECIAL NOTICE TO NOMINEES

If you purchased the publicly traded securities of ProQuest from February 20, 2001 through December 14, 2006, as nominee for a beneficial owner, then, the Court has ordered that within ten (10) days after you receive this Notice, you

10

must either: (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of the name and addresses of such beneficial owners to the Claims Administrator:

**ProQuest Securities Litigation Settlement**
**c/o The Garden City Group, Inc.**
**P.O. Box 9000 #6504**
**Merrick, NY 11566-9000**

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: December 5, 2008

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# Exhibit 3

22.     If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set out in the Notice, (b) second, to pay any additional settlement administration fees and expenses, including those of Co-Lead Counsel as may be approved by the Court, and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

paragraph 23 of the Stipulation and Agreement of Settlement dated November 6, 2008 is hereby modified and will now read as follows:

> If after six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, the Claims Administrator shall donate any funds remaining in the Net Settlement Fund as follows:  (i) one-half to the Access to Justice Campaign of the Michigan State Bar Foundation, and (ii) one-half to the Community Foundation for Southeast Michigan.